# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| NASIR OCEAN, JR., | ) | CASE NOS. 1:12-CR-00070 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is Petitioner Nasir Ocean, Jr.'s Amended Rebuttal of Presumption (the "Motion"), **Doc #: 54**.

## I.   Background

Ocean's Motion follows two 28 U.S.C. § 2255 petitions challenging his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Ocean first filed a § 2255 petition on February 22, 2016. Doc #: 45. Following the Government's response in opposition, Doc #: 47, Ocean requested that the Court dismiss his petition without prejudice because "there is no [] law at this time to uphold this motion, [therefore] making the motion frivolous." Doc #: 48. The Court granted Ocean's request and dismissed the petition. Doc #: 49.

Next, Ocean filed a Rebuttal of Presumption on September 23, 2019. Doc #: 52. The Court reviewed Ocean's Rebuttal of Presumption and deemed it a § 2255 petition. Doc #: 53 at

1. The Court further determined that this petition was second or successive because it asserts arguments that could have been raised in Ocean's first § 2255 petition. Doc #: 53 at 2. Because Ocean's Rebuttal of Presumption is a second or successive § 2255 petition, the Court transferred the petition to the United States Court of Appeals for the Sixth Circuit for authorization. Doc #: 53 at 2. The Sixth Circuit acknowledged receipt of the transfer order on October 10, 2019. Non-document order dated 10/10/2019.

On March 23, 2020, Ocean filed the present Motion captioned as an amendment to his Rebuttal of Presumption. Doc #: 54.

**II.	Discussion**

Ocean's Motion consists of (A) claims that were raised in his Rebuttal of Presumption and (B) new claims.

### A. Claims Raised in the Rebuttal of Presumption

To the extent Ocean's Motion ask the Court to review the claims raised in his Rebuttal of Presumption, the Motion is **DENIED**.

The Court cannot review second or successive § 2255 petitions without authorization from the Sixth Circuit. *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). The Court has already determined that Ocean's Rebuttal of Presumption is a second or successive § 2255 petition and has transferred that petition to the Sixth Circuit for authorization. Doc #: 53. Accordingly, the Court cannot review the claims in his Rebuttal of Presumption unless and until the Sixth Circuit authorizes such a review.

### B. New Claims

To the extent Ocean's Motion asks the Court to review his new claims, the Court finds

these claims to be second or successive and therefore **TRANSFERS** the claims to the United States Court of Appeals for the Sixth Circuit for authorization.

To be second or successive, a § 2255 petition must challenge the same judgement as a prior § 2255 petition. *Magwood v. Patterson*, 130 S.Ct. 2788, 2797 (2010). When a petitioner files a second or successive § 2255 petition with the district court without first seeking authorization from the circuit court, the district court is required to transfer the petition to the circuit court. *In re Sims*, 111 F.3d at 47.

There are narrow exceptions to when a numerically second § 2255 petition challenging a judgment is second or successive. One such exception is when the first § 2255 petition was withdrawn without being dismissed on the merits. *In re Moore*, 735 Fed. Appx. 883, 884 (6th Cir. 2018). However, if the petitioner obviously withdrew the first § 2255 petition because of its impending failure on the merits, the withdrawn petition renders subsequent § 2255 petitions second or successive. *Id.; United States v. Hamilton*, Criminal Case No. 16-20062; Civil Case No. 19-10097, 2019 U.S. Dist. LEXIS 85966, at *4-6 (E.D. Mich. May 22, 2019).

Another exception to the general second or successive rule is when a numerically second § 2255 petition raises an argument that was unripe at the time of the first § 2255 petition. *In Re Smith*, 690 F.3d 809, 809-10 (6th Cir. 2012). "But what makes a claim unripe, at least for purposes of the exception to the bar on second or successive motions, is that the factual predicate has not matured, not that the law was unsettled or has changed." *Petaway v. United States*, 104 F. Supp. 3d 855, 857 (N.D. Ohio 2015) (citations omitted).

Here, Ocean's new claims raised in his Motion are second or successive to his first

3

§ 2255 petition.[1] Both Ocean's first § 2255 petition and his present Motion challenge the same judgement -- his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

Nor do any of the exceptions to the general second or successive rule apply here.

Ocean withdrew his first § 2255 petition because "there is no [] law at this time to uphold this motion, [therefore] making the motion frivolous." Doc #: 48. It is obvious that Ocean withdrew his first § 2255 petition due to its impending failure on the merits. As explained above, when a § 2255 petition is obviously withdrawn due to its impending failure on the merits, it renders numerically second § 2255 petitions second or successive. Thus, Ocean's first § 2255 petition renders the new claims in his Motion second or successive.

Further, Ocean's new claims were ripe at the time of his first § 2255 petition. Ocean raises new claims in paragraphs 21, 22, 23, and 24 on pages 10 and 11 of his Motion. Doc#: 54. Paragraphs 21, 23, and 24 set forth vague arguments that could have been raised at any time. Paragraph 22 appears to assert a claim based on a change in law. As explained above, a change in law alone does not cause a claim to have been unripe in a prior § 2255 petition. Thus, Ocean's new claims were ripe at the time of his first § 2255 petition.

### III.  Conclusion

Accordingly, to the extent Ocean's Motion requests the Court review the same claims raised in his Rebuttal of Presumption, the Motion, **Doc #: 54** is **DENIED**.

---

1 Because the Motion is intended to be an amendment to Ocean's Rebuttal of Presumption, the Motion is not second or successive to Ocean's Rebuttal of Presumption. *Clark v. United States*, 764 F.3d 653, 658 (6th Cir. 2014) (finding a motion to amend is not a second or successive § 2255 petition if it is filed before the final adjudication of the initial § 2255).

To the extent Ocean's Motion requests the Court to review new claims that were not raised in his Rebuttal of Presumption, the Court holds that the new claims are second or successive and therefore must be transferred to the Sixth Circuit pursuant to *In re Sims*, 111 F.3d 45 and 28 U.S.C. § 1631. Accordingly, Ocean's Amendment to Rebuttal of Presumption, **Doc #: 54**, is **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for authorization.

**IT IS SO ORDERED.**

*/s/ Dan A. Polster     March 30, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**